

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

THOMAS G. BRUTON
CLERK

312-435-6860

August 12, 2021

James J. Macchitelli
Law Offices of James J. Macchitelli
1051 Perimeter Drive
#400
Schaumburg, IL 60173
jimmymacclaw@gmail.com

Lionel W. Weaver
Richard J. Prendergast, Ltd.
111 West Washington Street
Suite 1100
Chicago, IL 60602
LWeaver@rjpltd.com

Stephen C. Baker
Drinker Biddle & Reath LLP
One Logan Square
Suite 2000
Philadelphia, PA 19103
stephen.baker@dbr.com

In re: Siepka v. Protective Life Insurance Company, Case No. 10 CV 2663

Dear Counsel,

I have been contacted by Judge Robert W. Gettleman, who presided over the above-mentioned case.

Judge Gettleman informed me that it has been brought to his attention that while he presided over the case, he owned stock in Protective Life Insurance Company. His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Gettleman directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

  Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

  With Advisory Opinion 71 in mind, you are invited to respond to Judge Gettleman's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before August 31, 2021. Any response will be considered by another judge of this court without the participation of Judge Gettleman.

Sincerely,

Thomas G. Bruton
Clerk of Court